UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| In re: | Case No. 24-40167 |
| MAXIMUS SUPPLY CHAIN HOLDINGS, LLC, *et al.*, | Chapter 11 |
| Debtors.[4] | (Joint Administration Requested) |

### INTERIM ORDER GRANTING DEBTORS' FIRST DAY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING DEBTORS TO USE CASH COLLATERAL FOR OPERATING EXPENSES AND GRANTING REPLACEMENT LIENS TO SECURED CREDITORS AND NOTICE OF FINAL HEARING

This matter having come before the Court on *Debtors' First Day Motion for Entry of Interim and Final Orders Authorizing Debtors to Use Cash Collateral for Operating Expenses and Granting Replacement Liens to Secured Creditors* (the "**Cash Use Motion**"), filed by Maximus Supply Chain Holdings, LLC; Maximus Transport Systems, LLC; Maximus Logistics Corporation; Maximus Industries Corporation; Maximus Logistics Solutions, LLC; Action SCS, LLC; GC3 Logistics, LLC; and GC3 Warehousing, LLC, as debtors and debtors-in-possession (each a "**Debtor**"; collectively, the "**Debtors**" or "**Maximus Group**"), pursuant to 11 U.S.C. §§ 105(a), 363(b), 507(a)(4) and (a)(8), seeking an Order authorizing Debtors use of Cash

---

[4] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Maximus Supply Chain Holdings, LLC (6729); Maximus Transport Systems, LLC (9839); Maximus Logistics Corporation (0372); Maximus Industries Corporation (0902); Maximus Logistics Solutions, LLC (0372); Action SCS, LLC (1633); GC3 Logistics, Inc. (8844); and GC3 Warehousing, LLC (4132).

Collateral[5] as defined by 11 U.S.C. § 363(a) for operating expenses on an interim basis through a hearing on a final Order, and the granting of replacement liens,; and

In support of said Cash Use Motion, Debtors have testified that without the relief requested therein, Debtors will not be able to operate their businesses for more than a few days until a final hearing on this Cash Use Motion can be held.

Debtors have proposed adequate protection for the use of Cash Collateral in cash, the form of a replacement lien on all cash, inventory and receivables, the maintenance of insurance coverage on its assets, payment of current taxes, and bi-weekly ~~ongoing~~ financial reporting to the Creditors upon request regarding the status of their operations and income. This interim adequate protection is to continue until further Order, including any Order approving any stipulation between any of the Debtors and any Creditor for other or additional adequate protection.

The Court held an interim hearing on the Cash Use Motion on ~~July~~ June 28, 2024.

The Court now finds that good cause exists for granting the requested relief in the Cash Use Motion and that authorizing Debtors to use Cash Collateral on an interim basis on the terms set forth in the Cash Use Motion is in the best interest of Debtors, their estates, and their creditors.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that, pending conclusion of a final hearing, Debtors are authorized to use Cash Collateral in accordance with the proposed budget

---

[5] Capitalized terms use but not otherwise defined herein shall have the mearing ascribed to them in the Cash Use Motion.

2

attached to the Cash Use Motion as Exhibit A to facilitate ongoing operations for the preservation of value of Debtors' businesses.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that as adequate protection for the use of Cash Collateral, all Creditors with an interest in Cash collateral shall have a replacement lien on the Debtor's postpetition Cash Collateral assets in the same priority and to the same extent as existed as of the Petition Date, if any.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a final hearing on the Cash Use Motion will be held on _July 22_, 2024 at _10:00_ a.m./~~p.m.~~ in Room 2127, Federal Building, 1300 S. Harrison Street, Fort Wayne, Indiana. to receive evidence and arguments concerning the motion and any objections thereto.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Debtors shall serve a copy of this Order upon all ~~creditors~~ and parties in interest and make due proof thereof.

SO ORDERED.

Dated: June 28, 2024

_____
Judge, Northern District of
Indiana Bankruptcy Court

3